UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| RAUL DANIEL LIMONTA CHACON, | |
| Petitioner, | |
| v. | No. 6:26-CV-043-H |
| PHILLIP VALDEZ, et al., | |
| Respondents. | |

## ORDER

In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit held that aliens who are present in the United States without previously being admitted by immigration authorities—also known as "applicants for admission"—must be detained under the INA. ___ F.4th ___, Nos. 25-20496 & 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026); *see* 8 U.S.C. § 1225(b)(2)(A). Raul Daniel Limonta Chacon, a native and citizen of Cuba, is one such alien, having illegally entered the United States four years ago. His habeas petition, despite coming after the Fifth Circuit's decision in *Buenrostro-Mendez*, demands either his release or a bond hearing based on the text of the INA and the Fifth Amendment's Due Process Clause. Dkt. No. 1.

In light of *Buenrostro-Mendez*, Limonta Chacon's due process claim is the only remaining non-foreclosed issue. But neither the substantive nor procedural veins of due process afford alien petitioners a bond hearing. Due process is a contextual concept, and in the context of alien removal, it is a limited one. Congress determined that aliens like Limonta Chacon are not entitled to bond, but they are permitted to remain in U.S. custody and fight to remain here. That is more than sufficient process so far as the Due Process Clause is concerned.

Because the facts and legal arguments presented in this petition are indistinguishable from those recently addressed by the Court in several prior cases, "it appears from the application that the applicant or person detained is not entitled" to a writ of habeas corpus.[1] 28 U.S.C. § 2243. Thus, while the Court would ordinarily issue an order to show cause, it exercises its discretion to forgo that step here. *Id.*; *see Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998). The petition (Dkt. No. 1) is denied.

1.  **Background**

In February 2022, Limonta Chacon illegally crossed into the United States near Calexico, California, and was immediately apprehended. Dkt. No. 1-2 at 5. "Amidst a wave of illegal entries" and a "resulting lack of space to hold detainees," immigration officials released Limonta Chacon into the United States on an order of recognizance. *Goyo Martinez*, 2026 WL 114418, at *1; *see* Dkt. No. 1-2 at 3. At the same time, Limonta Chacon was placed into removal proceedings with a Notice to Appear. Dkt. Nos. 1 ¶ 1; 1-2 at 5. The NTA charged him with removability as "an alien present in the United States without being admitted or paroled." Dkt. No. 1-2 at 5; *see* 8 U.S.C. § 1182(a)(6)(A)(i). Limonta Chacon has resided in the United States since his release. Dkt. No. 1 ¶ 1.

Last November, Limonta Chacon was detained following a check-in at an ICE facility. *Id.* ¶ 3. An immigration judge denied bond under the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, which holds that aliens present in the United

---

[1] *See, e.g.*, *Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo v. Noem*, __ F. Supp. 3d __, No. 1:25-CV-177, 2026 WL 81679 (N.D. Tex. Jan. 9, 2026); *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Montelongo Zuniga v. Lyons*, ___ F. Supp. 3d ___, No. 1:25-CV-221, 2025 WL 3755126 (N.D. Tex. Dec. 29, 2025).

States without admission must be detained without bond under Section 1225(b)(2)(A) of the INA for the duration of their removal proceedings. 29 I. & N. Dec. 216, 220 (BIA 2025); *see* Dkt. Nos. 1 ¶ 7; 1-2 at 15–16.[2] Currently, Limonta Chacon is detained at the Eden Detention Center in Eden, Texas. Dkt. No. 1-2 at 9.

Because no immigration judge will grant bond, Limonta Chacon seeks a writ of habeas corpus. Dkt. No. 1. The petition states two claims for relief. First, Limonta Chacon alleges that his detention without bond violates the INA. *Id.* at 18. He argues that Section 1225(b)(2)(A) does not apply to aliens who, like him, previously entered the United States illegally and have been living in the country prior to being apprehended and placed in removal proceedings. *See id.* at 12. In his view, the proper statutory authority for his detention is Section 1226(a), which permits immigration judges to release aliens on bond while their removal is pending. *Id.* at 18. Besides his statutory claim, Limonta Chacon also contends that his detention without bond violates his due process rights. *Id.* at 18–19.

Before Limonta Chacon filed his petition, the Fifth Circuit issued its decision in *Buenrostro-Mendez*, which agreed with *Yajure Hurtado* and upheld the government's mandatory-detention policy under Section 1225. *See* 2026 WL 323330, at *1. The Fifth Circuit turned to the plain language of Section 1225, which provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines

---

[2] Typically, a "person seeking habeas relief must first exhaust available administrative remedies." *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018). An exhaustion requirement in this context is likely prudential, not jurisdictional. *See* 8 U.S.C. § 1252(d)(1) (requiring exhaustion only for a "final order of removal"). That said, it would be "an exercise in futility" for Limonta Chacon to appeal the denial of a bond hearing to the BIA. *Garner v. U.S. Dep't of Lab.*, 221 F.3d 822, 825 (5th Cir. 2000). The BIA issued *Yajure Hurtado* on September 5, 2025. Given the recency, there is little prospect that the BIA would reconsider *Yajure Hurtado* here. Thus, Limonta Chacon's habeas petition does not present an exhaustion problem. *See id.*

that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). The court of appeals found "no material disjunction" between the phrases "applicant for admission" and "seeking admission," and thus concluded that all applicants for admission fall within Section 1225(b)(2)(A)'s grasp. *Buenrostro-Mendez*, 2026 WL 323330, at *4 (quoting *Garibay-Robledo*, 2026 WL 81679, at *5).

2. **Legal Standard**

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). Habeas exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

3. **Analysis**

As noted above, Limonta Chacon raises two claims in his habeas petition—one involving Sections 1225 and 1226 of the INA, and another based on the Fifth Amendment's Due Process Clause. Dkt. No. 1 at 18–19. *Buenrostro-Mendez* forecloses Limonta Chacon's statutory claim. Thus, the only claim left for consideration is Limonta Chacon's due process claim. The Court has repeatedly rejected identical due process arguments. *See*

*supra*, n.1. Nevertheless, the Court considers the arguments raised in Limonta Chacon's petition to address whether bond-less detention violates the Constitution. The answer is no.

### A. *Buenrostro-Mendez* forecloses Limonta Chacon's INA claim.

Limonta Chacon is an "applicant for admission" under the INA's mandatory-detention provision. Section 1225 broadly defines "applicant for admission" as "[a]n alien present in the United States who has not been admitted or who arrives in the United States." 8 U.S.C. § 1225(a)(1). Limonta Chacon is an "alien." He is "present in the United States." And he "has not been admitted" because he did not "lawful[ly] ent[er] [the country] after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13)(A) (defining "admission" and "admitted"). As an applicant for admission, binding Fifth Circuit precedent requires that he be detained without bond under Section 1225(b)(2)(A). *See Buenrostro-Mendez*, 2026 WL 323330, at *1. Thus, Limonta Chacon's INA claim fails.[3]

### B. The Due Process Clause does not require the government to give Limonta Chacon a bond hearing.

Next is Limonta Chacon's claim that the government's refusal to provide a bond hearing violates the Due Process Clause of the Fifth Amendment. Dkt. No. 1 at 18–19. Because *Buenrostro-Mendez* did not directly address this question, the Court turns to Limonta Chacon's arguments. He asserts that his detention without bond violates due process. But as a matter of substantive or procedural due process, Limonta Chacon is not entitled to relief.

---

[3] Even if this Court were not bound by *Buenrostro-Mendez*, it would have reached the same result for the reasons discussed in its numerous prior decisions on this issue. *Supra*, n.1. Moreover, as the Court explained in *Goyo Martinez*, a petitioner remains an applicant for admission even if he was previously released into the United States on an order of recognizance. 2026 WL 114418, at *7.

Start with substantive due process. That doctrine protects "only 'those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition.'" *Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997)). While still recognizing due-process rights for aliens present in the United States, *see, e.g.*, *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025), the Supreme Court has long affirmed the constitutionality of executive immigration procedures. The "through line of history," the Supreme Court recently explained, is "recognition of the Government's sovereign authority to set the terms governing the admission and exclusion of noncitizens." *Muñoz*, 602 U.S. at 911–12. To that end, "Congress regularly makes rules that would be unacceptable if applied to citizens." *Mathews v. Diaz*, 426 U.S. 67, 80 (1976).

The principle is no less true for immigration detention. In fact, the Supreme Court has endorsed the constitutionality of detaining aliens without bond during the pendency of removal proceedings. In *Demore v. Kim*, the Supreme Court acknowledged that "the Fifth Amendment entitles aliens to due process of law in deportation proceedings." 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). But it clarified that "detention during deportation proceedings" is nevertheless a "constitutionally valid aspect of the deportation process." *Id.* Indeed, "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Id.* at 528. It follows that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 526. Against that backdrop, the notion that substantive due process requires a bond hearing is untenable.

Limonta Chacon's procedural due process claim fares no better. He seeks relief relying on the three-factor balancing test from *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See* Dkt. No. 1 at 14–18. The *Mathews* test, while common, is not the only tool for resolving procedural due process challenges. The Supreme Court said as much: "[W]e have never viewed *Mathews* as announcing an all-embracing test for deciding due process claims." *Dusenbery v. United States*, 534 U.S. 161, 168 (2002). In fact, the "Supreme Court when confronted with constitutional challenges to immigration detention has not resolved them through express application of *Mathews*." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

The application of *Mathews* to Section 1226 cases is "unwarranted on the test's own terms." *Ladak v. Noem*, ___ F. Supp. 3d ___, No. 1:25-CV-194, 2025 WL 3764016, at *7 (N.D. Tex. Dec. 30, 2025). The Supreme Court applied *Mathews* in *Landon v. Plasencia*, emphasizing that its balancing test was appropriate for "long-time lawful permanent resident[s]" in contrast to "detentions of aliens at the border or returning lawful permanent residents who had spent time abroad." *Id.* (citing 459 U.S. 21, 32–34 (1982)). Aliens in the former category have "gain[ed] admission to our country and [have begun] to develop the ties that go with permanent residence," meriting a level of due process more analogous to that of a citizen. *Landon*, 459 U.S. at 32. In the latter category, aliens "request[] a privilege and [have] no constitutional rights." *Id.*; *DHS v. Thuraissigiam*, 591 U.S. 103, 138–39 (2020) ("Whatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned.") (quotation omitted)). Critically, aliens who are released into the United States pending removal are "treated for due process purposes as if stopped at the border." *Thuraissigiam*, 591 U.S. at 139.

As an "applicant for admission," Limonta Chacon has "only those rights regarding admission that Congress has provided by statute." *Thuraissigiam*, 591 U.S. at 140; *Landon*, 459 U.S. at 32. With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission. "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings*, 583 U.S. at 297. No part of the statute "says anything whatsoever about bond hearings." *Id.* Accordingly, Limonta Chacon is not entitled to a bond hearing as a matter of procedural due process.

**4.    Conclusion**

In short, Limonta Chacon, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A). *Buenrostro-Mendez*, 2026 WL 323330, at *1. And the Due Process Clause does not require a bond hearing in these circumstances.[4] Thus, the petition for a writ of habeas corpus (Dkt. No. 1) is denied. The pending motion for admission pro hac vice (Dkt. No. 4) is denied as moot.

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on February 13, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

---

[4] To the extent Limonta Chacon seeks relief under the Administrative Procedure Act (*see* Dkt. No. 1 ¶ 14,), that request is also foreclosed by *Buenrostro-Mendez* because he cannot show that the mandatory-detention policy is contrary to law. *See also Garibay-Robledo*, 2026 WL 81679, at *10 (recognizing that the APA does not provide for judicial review of a Section 1226 claim).